## SLOAN and SCHWARTZ *vs.* VAN WYCK, impleaded, &c.

H. & G. employed the plaintiffs to construct a planing machine for them, under a patent owned by H. & G. Subsequently G. sold out his interest in the patent, and in the machine, tools, and the lease of the premises occupied by them, to V., and introduced V. to them, and informed them that V. had bought out his interest, and was to take his place. This was while the plaintiffs were making the patterns, and before they commenced work on the machine itself. They then proceeded with the construction of the machine, with the understanding that V. was to be responsible, receiving directions from him, from time to time, and none from G. When the machine was completed, V. called upon them in relation to its delivery, and promised that $1000 should be paid when it should be delivered. *Held* that the effect of these transactions was that the contract between the plaintiffs and H. & G. was rescinded, and a new contract was made between the plaintiffs and H. & V. upon which V. was liable.

*Held,* also, that the contract was not rescinded by the plaintiffs' taking possession of the machine with the consent of V. after it had been delivered, the evidence being conflicting as to whether the redelivery was for the purpose of satisfying the debt due to the plaintiffs, or merely to enable them to sell it on account and apply the proceeds to its payment. MULLIN, J. dissented.

APPEAL from a judgment entered upon the verdict of a jury. The action was brought against T. M. Hall, R. Green and P. C. Van Wyck, to recover for the making of a

planing machine, under a contract between the plaintiffs and the two defendants Hall and Green. Those defendants did not answer the complaint, nor contest their liability. It was claimed by the plaintiff that Van Wyck became liable, with Hall & Green, for the machine, by reason of having purchased an interest in certain machinery on the premises in Twenty-second street, New York, and when this machine was finished it was delivered there by the plaintiff; the premises being then in possession of Hall & Van Wyck. The complaint, in general terms, set forth a joint liability of all the defendants for labor and materials. It alleged that Green & Hall, in November, 1850, being partners in the patent of a planing machine, known as "Kittle's Patent Floor Dressing Machine," and claiming the right to use such patent, applied to the plaintiffs to make the patterns for the machine, the casting and the machinery, agreeing to pay the plaintiffs, as the work should progress, about one half in cash, and the balance upon the completion and delivery of the machine ; that the plaintiffs agreed to make said patterns and castings ; and they made and completed the same and delivered the machine to the defendants. That Green, some time in November, 1850, sold out a portion of his interest in the said patent castings to the defendant Van Wyck, who thus became interested in said patent, and in the said patterns, castings and machine, and in the building thereof, and in that way, or in some other manner ; and that he gave orders in relation thereto, and in relation to other machinery connected with the same parties. That the plaintiffs had frequently applied to one, some, or all of the defendants for payment, but had only been paid the sum of $250. That the machine was finished and put up, under the care, direction and superintendence of the defendants, or some one of them, or of some person or persons acting for them, on the 28th day of March, 1851, when the entire amount of money should have been paid, according to the agreement. That the agent of the defendants, or a person acting in that capacity, or in some way interested in said

machine, promised to come and pay the plaintiffs one thousand dollars, a portion of the said money, on the day the machine was taken away, and the defendants often spoke of the payment of the money for the machine as being ready, and that upon such promises and assurances, and only such, the plaintiffs allowed the machine to be taken to No. 71 Twenty-second street, to be put up for trying the same, and only upon such terms and agreement did the plaintiffs consent that the said machine should be put up ; that the plaintiffs put up the said machine ; that the said Green & Van Wyck were present many times when the machine was being put up, and made an appointment with the plaintiffs to meet them within a few days after the machine was put up, to pay them, but the said defendants Green & Van Wyck did not meet the plaintiffs as they agreed to. do ; that they worked the machine, and found no fault with it. That the plaintiffs, failing to get their pay for the machine, had taken the same down, and now have the same in their possession ; that they had tendered the same to the defendants, and were ready and willing to deliver the same to the defendants, upon being paid therefor. And the plaintiffs prayed judgment against one, all and each of the defendants for $3041, and interest. Van Wyck was the only defendant who appeared in the cause. His answer put in issue the allegations in the complaint, and alleged that he never ordered the machine in question, or gave any orders relating thereto, or became responsible to the plaintiffs to pay for the same, or for any work, labor, materials or machinery in any manner connected with it ; and that he never held any interest in the machine, of any kind, either by purchase or otherwise. The answer also alleged that the machine was worthless ; that at the commencement of the action the plaintiffs held the same and every thing connected therewith in their possession, and as their property, and that in 1852 they sold the same, as their property, and on their own account, for $1300. That the plaintiffs never tendered the machine to the defendant, or

claimed that he was liable therefor, before the commencement of this action.

The cause was tried at the New York circuit, before Justice HOGEBOOM and a jury, in October, 1861, and a verdict was rendered in favor of the plaintiffs, for $5188.88. The defendant appealed from the judgment entered thereon, and in May, 1862, the same was affirmed at the general term of the Supreme Court. The defendant then appealed from the latter judgment to the Court of Appeals, and in May, 1863, the judgment was reversed by that court, and a new trial awarded, upon the sole point that from the evidence it appeared the liability of the defendant was discharged by the plaintiffs' retaking the machine. The cause was tried again before Justice MASON and a jury, at the New York circuit, in April, 1864. On the trial the defendant moved to dismiss the complaint, on the ground that it did not state a cause of action. The motion was denied, and the defendant excepted. It was proved that the plaintiffs were first employed by Hall & Green, both parties defendants in this action, but Green was never served, and Hall, shortly after the commencement of this action, died. When the plaintiffs were making the patterns for the new machine, Green came and introduced the defendant Van Wyck, and stated that he, Van Wyck, had bought out his interest, and was to take his place. The sale took place on the 17th of November, 1850, when Green sold and delivered to Van Wyck his right, title and interest in the planing machine, tools, &c. together with the lease in Twenty-second street. This bill of sale was put in evidence by the defendant. And on the same day said Green transferred to Van Wyck his interest in the patent. The plaintiffs' work and labor in question commenced on the 16th of November, 1850. When the planing machine was finished, it was delivered to Van Wyck, at his place of business, and he afterwards used it. The bill for the labor and materials was delivered to him, and he promised to pay it. The plaintiff

subsequently obtained possession of the machine, and sold it, under the following circumstances.

The defendant told the plaintiff, Schwartz, as testified to by the latter, "that Mr. Wood, the owner of the premises, (22d street) claimed it (the machine) under a chattel mortgage—for a lien was the word used, I think it was not a chattel mortgage—and that it was going to be sold for rent ; he, Van Wyck, *said we had better take the machine away; or else it would be sold;* we went to 22d street with a large truck ; went there to take the machine away, but the man who had charge of the place would not allow us to take it ; I went away that day, and went down to Mr. Van Wyck's and told him, and I got a written order then to take the machine away. I got the order from Van Wyck himself," &c. &c. After the plaintiffs had taken the machine away, they called on Van Wyck for payment of their claim, and failing to get their money, brought this action. The machine was not sold until after the suit was commenced.

At the close of the plaintiffs' testimony, the defendant moved for a nonsuit, on these grounds :

"1st. Upon the proof it appeared that the undertaking of Van Wyck is collateral to that of Hall and Green, and within the statute of frauds. The promise should appear to be in writing, expressing the consideration, and subscribed by the defendant.

2d. The promise of Van Wyck was without consideration.

3d. Van Wyck is sued as a joint contractor with Hall and Green, but no such joint contract is shown.

4th. By the plaintiffs taking back the machine, the contract for the sale of it was rescinded, and the defendants discharged from liability.

5th. The sale of it by the plaintiffs was without notice to the defendants, and without their knowledge, and that discharged them.

6th. The sale of the machine was not at auction, and that discharged the defendants.

7th. By getting the order from Van Wyck and taking the machine back, the plaintiffs discharged the defendants from this whole claim.

8th. The plaintiffs can not recover for any work done or materials furnished for the old machine, as no evidence, or none sufficient, has been given of its value."

The motion was denied, and the defendant excepted. The jury found a verdict in favor of the plaintiffs for $4,427.31, and the defendant appealed from the judgment.

*J. T. Brady,* for the appellant.

*C. Bainbridge Smith,* for the respondents.

CLERKE, J.   I.  Although the machine was ordered, in the first instance by Hall & Green, when Van Wyck took Green's place in the concern he called upon the plaintiffs, informed them of the fact, and then, by the assent of all the parties concerned, he was substituted as one of the contracting parties in the place of Green.  This happened when the plaintiffs were making the patterns for it, and before they commenced any work on the machine itself.  They then proceeded with the construction of the machine; with the understanding that Van Wyck was to be responsible.  The plaintiffs received subsequent directions from him, and none from Green.  When the machine was finished, Van Wyck called in relation to its delivery, and promised that $1000 should be paid on the day of the delivery.  In short, the effect of all this was that the contract between the plaintiffs and Hall and Green was rescinded ; and a new contract was made between the plaintiffs and Hall and Van Wyck.  Van Wyck was clearly liable.

II. Was this contract rescinded by the plaintiffs taking possession of the machine, with the assent of Van Wyck ? If, as Judge Wright declared in his opinion, delivered in the Court of Appeals, in relation to the former trial, there was

not a particle of evidence, at the second trial, tending to show that the machine was taken by the plaintiffs on the order of the defendant, to enable them to sell it, and apply the proceeds to the payment of the debts which the defendant had incurred for it, the judge erred in submitting the point to the jury. I have not had an opportunity of examining the evidence on the former trial ; but it appears to me there was sufficient evidence on this point, at the second trial, to go to the jury. First. Schwartz testifies that Van Wyck told him that Wood, the owner of the premises occupied by the concern, claimed the machine under a lien, and that the plaintiffs had better take it away, " else it would be sold." Van Wyck told him to sell it. This is not sufficient to exonerate the defendant from liability for a deficiency at the sale, if there should be one. But the defendant testifies that when he spoke to Schwartz about taking the machine away, he told him he must not trouble him (Van Wyck) any further about it. Schwartz said he would be satisfied to do so ; that is, not to trouble him again. Van Wyck further testifies that he never directed Schwartz to sell it. On the other hand, Sloan testifies that he heard no such conversation as that to which Van Wyck testifies ; "he said he wished he had never had any thing to do with the machine ; it had ruined him." Sloan swears that Van Wyck never requested the plaintiffs not to trouble him again. Schwartz corroborated Sloan. Here there was plainly a conflict of evidence on this essential point—the release of the defendant's liability by the re-delivery of the machine to the plaintiffs. Was this re-delivery for the purpose of satisfying the debt due to the plaintiffs, or was it merely for the purpose of selling it on account, and applying the proceeds to its payment ? This was fairly put to the jury.

The judgment should be affirmed, with costs.

INGRAHAM, J. concurred.

MULLIN, J. (dissenting.) If the agreement between Hall & Green of the one part and the plaintiffs of the other part, for repairing the old machine and making a new one had been reduced to writing, and signed by the parties, no lawyer could seriously insist that Van Wyck could be made liable upon it by reason of his purchase of the interest of either Hall or Green in the old or new planing machine. Where the contract is verbal, and the parties to it are clearly ascertained, I am not aware of any rule of law that will authorize a recovery against a person not originally a party to such contract.

When the Court of Appeals held that Van Wyck was liable for the work done by the plaintiffs upon the machines in question, it must be understood as holding, either that there was no contract between the plaintiffs and Hall & Green, or that it was abandoned by mutual consent and a new one entered into between the defendant and Hall and the plaintiffs.

It is not material which view of the law the court may have taken, so long as it is quite clear that it intended to hold that the defendant had rendered himself liable for the work, labor and materials for which this action is brought, jointly with Hall, whose partner he concededly was.

The state of facts presented to the Court of Appeals is not changed by the second trial, and we must hold, therefore, that Van Wyck is liable, jointly with Hall, for the work, labor and materials in question.

As to the rescission of the contract, by reason of the taking back of the machine, constructed for the defendants, I entertain no doubt whatever. The plaintiffs delivered the machine to either Hall & Green or to Hall & Van Wyck ; it was put upon their premises, and actually used by them ; after this it was too late for the plaintiffs to assert a lien as vendors, there being no condition annexed to the delivery of the machine.

When they repossessed themselves of it with the assent of

Van Wyck, the contract between them was rescinded, and thereafter Van Wyck ceased to be liable upon the contract for its construction.

There are no facts proved on the second trial, which take the case out of the rule of law stated by Wright, J. in his opinion, in the Court of Appeals. I think we are required, in order to give effect to the law as declared in that opinion, to hold that the contract between the plaintiffs and Van Wyck was rescinded, and that the defendant is not legally liable thereon.

The judgment should therefore be reversed and a new trial ordered ; costs to abide the event,

Judgment affirmed.

[NEW YORK GENERAL TERM, November 5, 1866. *Clerke, Ingraham* and *Mullin,* Justices.]